1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE D. TUCKER, | CASE NO. 14cv2462-WQH (NLS) |
| Petitioner, | |
| vs. | ORDER |
| JEFFREY BEARD, Secretary, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 14) issued by United States Magistrate Judge Nita L. Stormes, recommending that this Court deny Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## I.    Background

On August 25, 2011, Petitioner Maurice D. Tucker was found guilty of "shooting at an inhabited house" in violation of California Penal Code section 246. (ECF No. 13-3 at 126). The jury found that the Petitioner committed the offense "for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of California Penal Code section 186.22(b)(1)." *Id*. The jury further found that Petitioner was "a principal in the commission of the ... offense and that in the commission of the ... offense at least one principal used a firearm causing the death of another person within the meaning of California Penal Code section 12022.53(d) and (e)." *Id*. On December 19, 2011, Petitioner was sentenced to a total prison term of 50 years to life. (ECF No. 13-4 at 162). Petitioner appealed his

conviction asserting that (1) there is insufficient evidence to corroborate the testimony of an informant who implicated him in a conspiracy to commit the murder, (2) the trial court prejudicially erred by instructing the jury with Judicial Council Of California Criminal Jury Instruction 315 ("CALCRIM No. 315"), and (3) his conviction for shooting at an inhabited dwelling is not supported by substantial evidence. (ECF No. 1 at 43). On April 15, 2014, the Court of Appeal, Fourth Appellate District affirmed the Judgment of the San Diego County Superior Court. *See* ECF No. 1 at 42.

On October 15, 2014, Petitioner filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2254. (ECF No. 1). Petitioner asserts three claims for relief: (1) violation of due process rights because there was insufficient evidence to convict Petitioner of shooting at an inhabited dwelling, (2) violation of due process rights because the jury was instructed with CALCRIM No. 315, which erroneously suggests that the confidence expressed by a witness in the accuracy of his own trial identification is a reliable barometer of its accuracy, and (3) violation of due process right and right to effective assistance of counsel because appallate counsel failed to raise valid claims on direct appeal. *See* ECF No. 1 at 6-8. On February 26, 2015, Respondent Jeffrey Beard submitted an Answer. (ECF No. 12).

On April 29, 2015, Magistrate Judge Nita L. Stormes issued the Report and Recommendation. (ECF No. 14). The Magistrate Judge found that the state court decisions on Petitioner's three claims for relief "did not contradict or unreasonably apply 'clearly established federal law' as determined by the U.S. Supreme Court, and did not rely on an unreasonable determination of the facts." *Id*. at 10, 12, 16. The Magistrate Judge concluded that "this court RECOMMENDS that the district court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying the Petition." *Id*. at 16.

**II.    Discussion**

The duties of the district court in connection with a report and recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28

U.S.C. § 636(b)(1).  When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made."  28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003).  A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety.  The Court concludes that the Magistrate Judge correctly recommended that the Petition for Writ of Habeas Corpus (ECF No.1) be denied.  The Court adopts the Report and Recommendation in its entirety.

**III.   Certificate of Appealability**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that Petitioner has raised colorable, nonfrivolous arguments.  The Court grants a certificate of appealability.

///

**IV.   Conclusion**

1        IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 14)

2   is ADOPTED in its entirety.  The Petition for Writ of Habeas Corpus is DENIED.

3   (ECF No. 1).  A certificate of appealability is GRANTED.

4

5   DATED:  June 11, 2015

6   **WILLIAM Q. HAYES**
    United States District Judge

7